UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60015-Civ-SCOLA

MICHAEL DONNELLY, *et al.*,

    Plaintiffs,
vs.

CITY OF PARKLAND,

    Defendant.
_____/

## ORDER REMANDING CASE

THIS MATTER is before the Court on the Plaintiffs' Motion For Remand (ECF No. 5). This case was initially filed in state court asserting only state law claims. While the case was still in state court, the Plaintiffs moved for leave to amend the complaint to add a claim based on 28 U.S.C. § 1983. Before the state court ruled on the motion for leave to amend the complaint, the Defendant removed the case to federal court on the basis of federal question jurisdiction. The Plaintiffs has moved to remand the case back to state court, arguing that there is no federal question presented in this matter because the state court never granted the Plaintiffs motion for leave to amend the complaint. The Defendant "does not agree to the Motion, [but] does not oppose the Motion for Remand." (Mot. For Remand 5-6, ECF No. 5.)

A defendant may remove a case filed in state court to federal court provided that there is federal jurisdiction over the matter or complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(a) (2006). A case which is not initially removable may become removable by the filing of an amended pleading, or by some other development in the case. 28 U.S.C. § 1446(b) (2006). A defendant removing a case which has become removable must file a notice of removal within thirty days of receiving "a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which *is or has become* removable." *Id.* (emphasis added). For example, a case which had previously been predicated only on state law claims may become removable under 28 U.S.C. § 1331 if an amended pleading is filed asserting a federal claim (*i.e.*, a claim arising under the Constitution, laws, or treaties of the United States). Similarly, a case in which the parties are diverse in citizenship but in which the amount in controversy had previously been less than $75,000 may become removable

under 28 U.S.C. § 1332 if an amended pleading, motion, order or other paper is filed indicating that the amount in controversy now exceeds $75,000.

The distinction between these two scenarios is subtle but significant. Where federal question jurisdiction is the issue, the federal claim must actually be before the court in the operative pleading. In other words, a proposed amended complaint asserting a new federal claim is not sufficient because until the state court grants leave to file the proposed amended complaint there is not a federal claim actually pending – and thus no original jurisdiction in the federal courts. On the other hand, a defendant may learn of a plaintiff's intention to seek damages in excess of $75,000 through a proposed amended complaint, and the case may become removable before the state court rules on the motion for leave to file the proposed amended complaint. In other words, removability is different when the basis for removal is federal question jurisdiction as opposed to diversity jurisdiction. *Compare McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 547 (E.D. Pa. 2011) *with Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1358 (S.D. Fla. 1998).

In this case, there was no federal claim pending before the state court because the state court never granted the Plaintiffs' motion for leave to amend the complaint.[1] Since federal courts are courts of limited jurisdiction, a federal court must dismiss a matter *at any time* that it finds that it lacks subject-matter jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 239 F.3d 805, 807 (11th Cir. 2003); Fed. R. Civ. P. 12(h)(3). Because there is no federal question pending before this Court, this Court does not have subject-matter jurisdiction over this matter. Accordingly, it is **ORDERED and ADJUDGED** that the Plaintiffs Motion For Remand (ECF No. 5) is **GRANTED**. The Clerk shall **CLOSE** this matter, and take all necessary steps to ensure the prompt **REMAND** of this action and transfer this file back to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

**DONE and ORDERED** in chambers, at Miami, Florida, on January 26, 2012.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*

---

[1] It appears that the Plaintiffs' motion for leave to amend was opposed by the Defendant, since the Defendant could have consented, in writing, to the filing of the amended pleading thus obviating the need for the state court to grant leave. *See* Fla. R. Civ. P. 1.190(a).